IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID TAPIA-TOVAR, *et al.* ) | |
| ) | |
|    *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-102 |
| ) | Chief Judge Campbell |
| BRADLEY EPLEY, *et al.*, ) | Magistrate Knowles |
| ) | |
|    *Defendants.* ) | |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO VACATE

Pursuant to M.D. Tenn. L.R. 7.01(a), Plaintiffs, by through undersigned counsel, respectfully submit this Memorandum of Law in support of their contemporaneously filed Motion to Vacate the "Privacy Protective Order" ("Order") this Court entered on June 18, 2012. (Docket No. 52.) Good cause exists to vacate this Order for both procedural and substantive reasons. As a procedural matter, Defendants failed to comply with Fed. R. Civ. P. 26(c)(1)'s good-faith certification requirement, M.D. Tenn. L.R. 37.01(b)(3)'s good-faith certification requirement, and M.D. Tenn. L.R. 37.01(a)'s joint-statement-of-issues requirement. The Order should be vacated as a result of these failures. In addition, the Order should be vacated on substantive grounds because it is unworkably vague and overbroad, it lacks a resolution mechanism to address the ambiguities and disagreements its sweeping language may produce, it improperly shifts the burden for identifying and protecting private information onto the Plaintiffs, and it assumes a "Privacy Act objection" that finds no support in law. Accordingly, the Order should be vacated and replaced with one negotiated in good faith by counsel for the parties and approved by this Court in accordance with Rule 26(c) and the Local Rules.

## I. Factual and Procedural Background

At or around 1:58 p.m. on Friday, June 15, 2012, Defendants filed their "Motion For A Privacy Protective Order." (Docket No. 51.) As cause for the order, Defendants stated: "six (6) official personnel files, including training files, disciplinary files and other matters, of ICE agents or officers have been provided or in the process of being provided to the Plaintiffs per subpoena and discovery requests." Defendants attached a Proposed Order – and nothing else. (Docket No. 51-1.) At or around 12:24 p.m. the following Monday, June 18, 2012, this Court entered the Order as proposed by Defendants. (Docket No. 52.)

Prior to Defendants' filing, the last communication Plaintiffs' counsel had with counsel for the Defendants on the issue of a protective order occurred by letter from Plaintiffs' counsel dated June 8, 2012.[1] That letter indicated Plaintiffs' willingness to work in good faith with counsel for the Defendants to arrive at a protective order that was clear, workable, and protected individual privacy. Without responding to the substance of that letter or conferring further, Defendants filed their Motion and Proposed Order.

## II. Argument

Parties may bring a motion to vacate a protective order previously entered by the district court. *See, e.g., In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation*, 664 F.2d 114 (6th Cir. 1981) (upholding district court's grant of a party's motion to vacate a protective order). *See also Meyer Goldberg, Inc. v. Fisher Foods*, 823 F.2d 159, 163-64 (6th Cir. 1987). While good cause is "not an invariable requirement imposed on one seeking modification" of a protective order, *Id.* at 164 (citation omitted), good cause to vacate the order exists in this case.

---

[1] *See* Exhibit A to Plaintiffs Motion to Vacate, filed contemporaneously herewith.

### A. The Order Should Be Vacated Because Defendants Failed To Comply With Fundamental Procedural Requirements.

The Order should be vacated because Defendants did not comply with Rule 26(c). Fed. R. Civ. P. 26(c)(1) requires that any motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Defendants' Motion did not comply with this mandate. It was thus facially deficient, and did not meet the requirements of Rule 26(c). *See, e.g., Brady v. Ltd. Parts, Inc.*, No. 2:08-cv-0058, 2009 U.S. Dist. Lexis 63229 (M.D. Tenn. Jul. 22, 2009) (copy attached).

Similarly, the Order should be vacated because Defendants did not abide by the certification requirements in this Court's Local Rules. M.D. Tenn. Local Rule 37.01(b)(3) provides:

> Counsel for a party moving . . . for a protective order[ ] **shall** file with the Court, at the time of the filing of the motion, a statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have not been able to do so. **No such motion shall be considered by the Court absent compliance with this Rule.**

(emphasis added). As this Court and others have stated: "This prerequisite [of a good faith certificate] is not an empty formality." *Scepter, Inc. v. Alcan Rolled Products-Ravenswood, LLC*, No. 3:09-cv-0192, 2009 U.S. Dist. LEXIS 116664 (M.D. Tenn. Dec. 15, 2009) (copy attached) (quoting *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001)). Defendants did not comply with the certification requirement. Consequently, the Motion should not have been considered.

Moreover, the Order should be vacated because Defendants did not file the joint statement the Local Rules require. M.D. Tenn. L.R. 37.01(a) states: "Prior to filing any discovery motion, counsel for the parties shall prepare a joint written statement of the matters at issue in the

*Page 3 of 8*

Case 3:11-cv-00102   Document 58   Filed 06/28/12   Page 3 of 8 PageID #: 846

discovery dispute. **<u>The joint statement of issues shall be attached to any discovery motion</u>**." (emphasis added). No joint statement of issues was attached to Defendants' Motion. Consequently, it should not have been considered, much less granted. *See, e.g.*, *Holt v. City of Dickson*, No. 3:07-cv-727, 2011 U.S. Dist. LEXIS 4167 (M.D. Tenn. Jan. 14, 2011) (Haynes, J.) (denying motion for sanctions that lacked joint statement of issues) (copy attached).

These basic procedural rules are not mere technicalities, and Defendants' shirking of them is not simply harmless oversight. "[O]bliging attorneys to certify to the Court that they have conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court." *Scepter*, 2011 U.S. Dist. Lexis at 4 (quoting *Ross*, 203 F.R.D. at 240)). Compliance with these requirements also minimizes the wasteful gamesmanship inherent in 'litigation by surprise.' Defendants foreclosed the efficient resolution envisioned in the Federal and Local Rules through their blatant noncompliance. Under these circumstances, allowing the Order to stand would unjustly reward Defendants' actions.

### B. The Order Should Be Vacated Based On Its Substantive Deficiencies.

The Federal Rules of Civil Procedure create a statutory presumption in favor of open discovery extending even to those materials not used at trial. *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-1181 (6th Cir. 1983). Rule 26(c)(1) accordingly places the burden on the party seeking the protective order to demonstrate that good cause exists for overcoming this presumption and shielding discovery materials and information from public disclosure. *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Because Defendants have not shown good cause why at least some of the materials potentially covered by the Order should be shielded from disclosure, the Order should be vacated.

As an initial matter, Plaintiffs do not dispute that the legitimate privacy concerns of Defendants constitute good cause for a protective order of some type. *See, e.g., Int'l Union v. Garner*, 102 F.R.D. 108, 114 (M.D. Tenn. 1984) (citing *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958)). Nor do Plaintiffs dispute that whether a record is subject to the Privacy Act, 5 U.S.C. § 552a, is a relevant question when considering a proposed protective order. *See Laxalt v. McClatchey*, 809 F.2d 885, 889 (D.C. Cir. 1985) ("The fact that a document is subject to the Privacy Act is not, however, irrelevant to the manner in which discovery should proceed."). Indeed, "[w]here the records sought are subject to the Privacy Act, the District Court's supervisory responsibilities may in many cases be weightier than in the usual discovery context." *Id.* Plaintiffs' chief concern regarding the Order is that its language is so imprecise that it could potentially cover other information or records.

The Order contains no provision defining precisely which records and information it purports to cover. (*See* Order, Docket No. 51, ¶ 1.) As a result, while Plaintiffs' counsel may refer to statute to determine what is covered by the Privacy Act, 5 U.S.C. § 552a(a)(4), there is no similar definition available for records that "otherwise contain personal information regarding individuals other than Plaintiffs." (Docket No. 52, ¶ 1.) What is "personal information"? Who are "individuals"? The Order does not say. *Compare* Order, ¶ 1, *and* 5 U.S.C. § 552a(a)(2) (limiting the definition of "individual" to U.S. citizens or legal permanent residents). Instead, it places the exclusive burden on Plaintiffs' counsel to answer these questions for themselves at the risk of being held in contempt of the Order. (Docket No. 52, ¶ 1 (allowing Defendants to obtain a protective order "without requiring Defendants to pre-screen each document for Privacy Act objections")). Given these basic definitional shortcomings, it is an unfortunate harbinger of motions practice to come that the Order also does not include any mechanism by which the

parties can identify confidential records and resolve disagreements about which records and information should be protected. *Cf. Erbel v. Johans*, No. 3:04-cv-555, 2006 U.S. Dist. Lexis 18001 (E.D. Tenn. 2006) (stipulated protective order for Privacy Act materials providing clear mechanism for dispute resolution) (copy attached).

Finally, the Order should be vacated because it assumes a "Privacy Act objection" which does not exist. As the D.C. Circuit explained, "a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP." *Laxalt*, 809 F.2d at 889. The Privacy Act does not create an independent basis for withholding otherwise discoverable information in civil discovery. *Id.* at 890. *Laxalt* squarely rejected the proposition "that merely because records are *subject* to the Privacy Act they are exempt in their entirety from civil discovery absent a specific showing of 'need.'" *Id.* (emphasis in original). *Accord Haydon Bros. Contracting*, No. 7-11-96-KKC, 2012 U.S. Dist. Lexis 1787 at 8 (E.D. Ky. Jan. 9, 2012) (the "Privacy Act cannot be used to block the normal course of court proceedings, including court-ordered discovery.") (copy attached).

Rather than asserting the imagined "Privacy Act objection," Defendants' counsel would need to do what they refused to do before filing their Motion: Confer in good faith with counsel for the Plaintiffs and identify the specific contours of the dispute. If unsatisfied with that conference, Defendants could seek a protective order, provide a showing of good cause, and this Court could weigh Defendants' showing against other factors, including the need for open, public access to court records. *See Brown & Williamson*, 710 F.2d at 1177-1181. Defendants' premise that two individual agents of a federal agency could object to disclosure in civil discovery based on the Privacy Act is flatly incorrect as a matter of law.

In sum, the Order will require Plaintiffs' counsel to expend considerable time and expense to identify, secure, protect from third-party witnesses, and file under seal documents that cannot reasonably be construed to contain private information. Accordingly, the Order should be vacated on substantive grounds and replaced with a joint stipulated privacy protective order that truly protects individuals' privacy.

### III. CONCLUSION

Plaintiffs respectfully request that their Motion be granted, and the Order vacated. Pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5), Plaintiffs further request and state that good causes exists for this Court to order Defendants to pay the reasonable expenses, including attorneys' fees, incurred by Plaintiffs' counsel in filing this Motion.

Respectfully Submitted,

**s/ Elliott Ozment**
ELLIOTT OZMENT, BPRN 4331
**/s R. Andrew Free**
R. ANDREW FREE, BPRN 30513
LAW OFFICES OF ELLIOTT OZMENT
1214 Murfreesboro Pike
Nashville, Tennessee 37217
(615) 321-8888
(615) 321-5230 facsimile

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2012, a copy of the foregoing and all attachments thereto has been delivered to the following persons via this Court's electronic filing system:

S. Delk Kennedy, Jr.
Assistant United States Attorney
110 Ninth Avenue, South, Suite A-961
Nashville, Tennessee, 37203
Delk.kennedy@usdoj.gov

s/ R. Andrew Free
R. Andrew Free