IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID TAPIA-TOVAR, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 3:11-cv-0102 |
| BRADLEY EPLEY, *et al.*, | ) DISTRICT JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE KNOWLES |
| Defendants. | ) |

**\*\*REVISED\*\* PRIVACY PROTECTIVE ORDER**

For the purpose of protecting the privacy of the United States Department of Immigration and Customs Enforcement employees and applicants against the disclosure of information pertaining to them and in accordance with the provisions and objectives of the Privacy Act of 1974, 5 U.S.C. § 552a (1976), it is hereby **ORDERED** pursuant to 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure:

1. This Order applies to, governs, and directs the disclosure in the course of this action, under the Federal Rules of Civil Procedure, of all records that are designated "Confidential" and which are either covered by the Privacy Act or otherwise contain personal information regarding individuals other than Plaintiffs and which are encompassed by the Federal Rules requiring disclosure or are reasonably necessary or useful to respond to the Plaintiffs' formal discovery. For purposes of this Privacy Protective Order, "Confidential" information refers only to any item, collection, or grouping of information about an individual that is maintained by a federal agency, see 5 U.S.C. § 552a(a)(4), and specifically includes personnel files and disciplinary files of any ICE employee or agent.

2. Documents governed by the terms of this Order shall be designated as "Confidential" by Defendants in one or more of the following ways:

    a. Information set forth in a response to an interrogatory may be so designated by including the word "Confidential" in the response;

    b. Information contained in any document or part thereof may be so designated by marking the word "Confidential" on the document; or

    c. Information contained in any statement made during an oral deposition may be so designated through a statement made on the record.

3. This Order neither addresses nor overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedure on any basis other than personal privacy. This Order permits Defendants to meet their disclosure and discovery obligations by disclosing to Plaintiffs or Plaintiffs' attorneys those files and documents, or information from those files and documents, reasonably calculated to fulfill those obligations.

4. Documents or information designated as Confidential shall be disclosed by Defendants only to Plaintiffs and/or their attorneys. Plaintiffs and/or their attorneys shall be allowed to copy Confidential records but shall not disclose them or any information obtained from them to any person unless such disclosure is reasonably calculated in good faith to aid the preparation or prosecution of litigation against Defendants. Plaintiffs and/or their attorneys shall ensure that any person to whom disclosure of Confidential information may be made shall, prior to such disclosure, be informed of the terms of this Order. Any person to whom such disclosure is made and who is aware of this Order shall be bound by the terms of this Order.

5. Neither Plaintiffs, their attorneys, nor any individual to whom they make disclosure shall disclose a Confidential record and information contained in or derived from such a record except for the purposes of preparing for and prosecuting this litigation.

6. A party to this Order shall not be obligated to challenge the propriety of the designation of a document as "Confidential" at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If Plaintiffs dispute the designation of any information as "Confidential," the parties to this Order shall attempt to resolve by agreement the question of whether or on what terms the information is entitled to treatment as "Confidential." If the parties are unable to resolve the issue, counsel for Plaintiffs may invoke this Protective Order by objecting in writing to the party who has designated the information as "Confidential." The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen days of receipt of the written objection, and failure to do so shall constitute termination of the restricted status of such item.

7. Upon conclusion of this action (including appeals), all records or copies of Confidential records (except copies of documents ==filed with the Court or== accepted into evidence) secured from the Defendants or its agents and protected by the terms of this Order shall within a reasonable period either be returned to Defendants or destroyed by Plaintiffs.

8. Nothing in this Order constitutes any decision by the Court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction, nor does the Order constitute a waiver by Defendant of his or his right to object to the discovery of or admission into evidence of any record or information subject to this order.

ENTERED this _____ day of August 2012.

                                                           _____
                                                           **E. CLIFTON KNOWLES**
                                                           **UNITED STATES MAGISTRATE**
                                                           **JUDGE**